## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **MARCIA REID** | : |
| **838 XENIA STREET, SE** | : |
| **WASHINGTON, D.C. 20032** | : |
| | : |
| **AND** | : |
| | : |
| **EUGENE SMITH** | : **Civil Action Number:** _____ |
| **669 AUDREY LANE** | : |
| **APARTMENT 202** | : |
| **OXON HILL, MARYLAND 20745** | : |
| | : |
| | : |
| **v.** | : |
| | : |
| **SHAWN CHRISTOPHER COWANS** | : |
| **905 NORTH BENTALOU STREET** | : |
| **BALTIMORE, MARYLAND 21216** | : |
| | : |
| **&** | : |
| | : |
| **JEREMIAH CORNISH** | : |
| **632 BARTLETT AVENUE** | : |
| **BALTIMORE, MARYLAND 21218** | : |
| | : |
| **&** | : |
| | : |
| **TYLER HOLDINGS, INC.** | : |
| **D/B/A INTERCEPTOR SECURITY** | : |
| **SERVICES/DIVERSIFIED SECURITY** | : |
| **CONCEPTS** | : |
| **11612 BUSY STREET** | : |
| **SECOND FLOOR** | : |
| **RICHMOND, VIRGINIA 23236** | : |
| | : |
| **PO BOX 74684** | : |
| **RICHMOND, VIRGINIA 23236** | : |
| | : |
| **&** | : |
| | : |
| **INTERCEPTOR SECURITY** | : |
| **SERVICES** | : |
| **PO BOX 74684** | : |
| **RICHMOND, VIRGINIA 23236** | : |

**&**                                    :
                                         :
**DIVERSIFIED SECURITY CONCEPTS** :
**PO BOX 74684**                         :
**RICHMOND, VIRGINIA 23236**             :
                                         :
**&**                                    :
                                         :
**TERESA N. TYLER**                      :
**CHIEF EXECUTIVE OFFICER**              :
**TYLER HOLDINGS, INC.**                 :
**11612 BUSY STREET**                    :
**SECOND FLOOR**                         :
**RICHMOND, VIRGINIA 23236**             :
                                         :
**PO BOX 74684**                         :
**RICHMOND, VIRGINIA 23236**             :
                                         :
**&**                                    :
                                         :
**MARCUS TYLER**                         :
**VICE PRESIDENT**                       :
**TYLER HOLDINGS, INC.**                 :
**11612 BUSY STREET**                    :
**SECOND FLOOR**                         :
**RICHMOND, VIRGINIA 23236**             :
                                         :
**PO BOX 74684**                         :
**RICHMOND, VIRGINIA 23236**             :
                                         :
**&**                                    :
                                         :
**JOHN ELZEY**                           :
**TREASURER**                            :
**TYLER HOLDINGS, INC.**                 :
**11612 BUSY STREET**                    :
**SECOND FLOOR**                         :
**RICHMOND, VIRGINIA 23236**             :
                                         :
**PO BOX 74684**                         :
**RICHMOND, VIRGINIA 23236**             :
                                         :
**SERVE: REGISTERED AGENT**              :
**C T CORPORATION SYSTEM**               :
**4701 COX ROAD**                        :
**GLEN ALLEN, VIRGINIA 23060**           :

                                              :
     **Defendants.**                          :
=================================

# COMPLAINT

## JURISDICTION

1.      Jurisdiction before this Honorable Court is invoked pursuant to 28 U.S.C. §1332.

This Court also has supplemental jurisdiction of all claims pursuant to 28 U.S.C. §1367(a).

## PARTIES

2.      Plaintiff Marcia Reid is a natural person, a citizen of the United States, and was at all times relevant herein a resident of the District of Columbia.

3.      Plaintiff Eugene Smith is a natural person, a citizen of the United States and was at all relevant times herein a resident of the State of Maryland.

4.      Defendant Shawn C. Cowans is a natural person and was at all relevant times herein a resident of the State of Maryland.

5.      Defendant Jeremiah Cornish is a natural person and was at all relevant times herein a resident of the State of Maryland.

6.      Defendant Tyler Holdings, Inc. was at all times relevant herein a business entity incorporated in the Commonwealth of Virginia.

7.      Defendant Tyler Holdings, Inc. was at all times relevant herein doing business as Interceptor Security Services/Diversified Security Concepts.

8.      Defendant Teresa N. Tyler is a natural person and was at all times relevant herein the Chief Executive Officer, of Tyler Holdings, Inc., doing business as Interceptor Security Services/Diversified Security Concepts.

9.     Defendant Marcus Tyler is a natural person and was at all times relevant herein was the Vice President, Tyler Holdings, Inc., doing business as Interceptor Security Services/Diversified Security Concepts.

10.     Defendant John Elzey is a natural person and was at all times relevant herein was the Treasurer, of Tyler Holdings, Inc., doing business as Interceptor Security Services/Diversified Security Concepts.

## FACTS

11.     The evening of August 9, 2013, Eugene Smith (Plaintiff Smith), Marcia Reid (Plaintiff Reid) and their six year old son, Malachi Smith, were at plaintiff's Smith's residence, Park Forest Apartments, 669 Audrey Lane, Apartment 202, Oxon Hill, Maryland 20745, specifically in the bedroom watching a movie, when someone knocked on the front door.

12.     Plaintiff Smith proceeded to the front door and when he opened it, two intruders, dressed in all black, defendant Shawn Cowans and defendant Jeremiah Cornish, forcefully entered the residence.

13.     Defendant Cowans was in possession of a gun and he entered the residence with his gun drawn.

14.     Defendant Cornish was in possession of a gun and he entered the residence with his gun drawn.

15.     Defendant Cowans and Cornish forcefully entered the residence without consent.

16.     Defendant Cowans pointed the gun he possessed at plaintiff Smith and ordered him to place his hands on his head.

17.     Plaintiff Smith repeatedly asked defendant Cowans and Cornish to identify themselves.

18.     Defendants Cowans and Cornish did not respond to plaintiff Smith's request to identify themselves.

19.     Plaintiff Smith repeatedly asked Defendants Cowans and Cornish why they forcefully entered the residence.

20.     Plaintiff Smith repeatedly asked Defendant Cowans and Cornish why they were there.

21.     Defendants Cowans and Cornish did not respond to any of plaintiff Smith's questions as noted above.

22.     Defendants Cowans and Cornish each continued to point their gun at plaintiff Smith and with plaintiff Smith in front of them, they proceeded to force their way to other rooms in the residence.

23.     Defendant Cornish holstered his gun, approached plaintiff Smith, handcuffed him and proceeded to search him.

24.     After defendant Cornish searched plaintiff Smith, he aggressively and forcefully pushed him onto the couch and forced him to remain seated on the couch.

25.     Plaintiff Smith continued to ask defendants Cowans and Cornish to identify themselves and these defendants did not respond to plaintiff Smith's question.

26.     At the time the events described herein occurred, plaintiff Reid, who was in another room in the residence, heard the commotion in her living room.

27.     Plaintiff Reid believed that the intruders, defendants Cowans and Cornish, had entered the residence to commit a robbery.

28.     Plaintiff Reid was terrified and feared that the intruders, defendants Cowans and Cornish, would harm or kill her, plaintiff Smith and their six year old son.

29.     As a result of this fear, plaintiff Reid placed her son inside the closet to protect him from potential danger and instructed him to remain quiet.

30.     While plaintiff Smith was still in handcuffs and feared that the intruders, defendants Cowans and Cornish would harm or kill him, plaintiff Reid or their six year old son, defendants Cowans and Cornish asked plaintiff Smith to identify himself.

31.     After plaintiff Reid put her son in the closet, she proceeded to the living room, where she observed plaintiff Smith sitting on the couch and defendants Cowans and Cornish standing in front of the couch.

32.     Defendants Cowans and Cornish asked plaintiff Smith to identify himself.

33.     Plaintiff Reid provided defendants Cowans and Cornish with plaintiff Smith's identification.

34.     Defendants Cowans and Cornish placed a telephone call, and after a brief conversation with a person, a decision was made to remove the handcuffs that defendant Cornish had placed on plaintiff Smith.

35.     The defendants filled out a form, a Bar Notice, barring plaintiff Smith from the property even though he currently resided and had resided in apartment 202 at 669 Audrey Lane, Oxon Hill, Maryland for about one year.

36.     Defendants Cowans and Cornish forcefully and with coercion made plaintiff Smith sign the Bar Notice form, barring him from his own residence.

37.     Plaintiff Smith signed the Bar Notice form solely as a result of the duress by defendants Cowans and Cornish.

38.     Defendants Cowans and Cornish informed plaintiff Smith that he had two (2) hours to leave the property.

39.     Defendant Cowans and Cornish left the apartment, entered into a black Dodge Charger, and after a period of time, rapidly departed the area.

40.     Plaintiffs Smith and Reid left the residence with their son, drove to plaintiff Smith's father's home, so that plaintiff Smith's father could watch their son.

41.     Defendant Cowans did not have police or special police powers on the property of Park Forest Apartments.

42.     Defendant Cornish did not have police or special police powers on the property of Park Forest Apartments.

43.     Plaintiffs Smith and Reid returned to the residence and called the Prince George's County, Maryland police.

44.     Detective J. Easter, District IV, Bureau of Patrol, of the Prince George's County, Maryland Police Department, responded to 660 Audrey Lane, Apartment 202, Oxon Hill, Maryland.

45.     Plaintiffs Smith and Reid provided their account of defendants Cowans and Cornish's unlawful intrusion into the residence and the other events that had transpired.

46.     Plaintiffs Smith and Reid provided a description of the intruders.

47.     On August 15, 2013, plaintiff Smith viewed a six person photograph array which contained a photograph of defendant Cowans.

48.     Plaintiff Smith positively identified defendant Cowans as the first individual who forcefully entered his home with his gun drawn.

49.     On August 15, 2013, plaintiff Smith viewed a six person photograph array which contained a photograph of defendant Cornish.

50.     Plaintiff Smith positively identified defendant Cornish as the other individual who forcefully entered his home, held him at gunpoint, handcuffed him and physically assaulted him.

51.     On August 15, 2013, plaintiff Reid viewed a six person photograph array which contained a photograph of defendant Cowans.

52.     On August 15, 2013, plaintiff Reid viewed a six person photograph array which contained a photograph of defendant Cornish.

53.     Plaintiff Reid positively identified defendant Cowans and defendant Cornish as the two individuals she saw inside of her apartment on August 9, 2013.

54.     A Circuit Court for Prince George's County, Maryland grand jury subsequently returned an indictment against defendant Cowans for committing the following criminal offenses; first degree assault, second degree assault, use of a handgun during a crime of violence, wear, carry and transport a handgun on his person and conspiracy.

55.     A Circuit Court for Prince George's County, Maryland grand jury subsequently returned an indictment against defendant Cornish for committing the following criminal offenses; first degree assault, second degree assault, use of a handgun during a crime of violence, wear, carry and transport a handgun on his person, conspiracy to commit assault firearm possession with a felony conviction and regulated firearm; illegal possession.

56.      On May 23, 2014, defendants Cowans entered a guilty plea to second degree assault in *State of Maryland v. Shawn Christopher Cowans*, case number CT131558A.

57.     Defendant Cowans is scheduled to be sentenced on August 29, 2014.

58.     On May 23, 2014, defendant Cornish entered a guilty plea to second degree assault in State of Maryland v. Jeremiah Cornish, case number CT131558B.

59.     Defendant Cornish is scheduled to be sentenced on August 29, 2014.

60.     At the time defendant Cowans committed the afore-mentioned offenses with which he was charged and against plaintiffs Smith and Reid he was providing security services for and on behalf of his employer, Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts at Park Forest Apartments, 669 Audrey Lane, Oxon Hill, Maryland 20745.

61.     Defendant Cowans committed the afore-mentioned offenses with which he was charged and against plaintiffs Smith and Reid within the scope of his employment with Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts.

62.     At the time defendant Cornish committed the afore-mentioned offenses with which he was charged and against plaintiffs Smith and Reid he was providing security services for and on behalf of his employer, Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts at Park Forest Apartments, 669 Audrey Lane, Oxon Hill, Maryland 20745.

63.     Defendant Cowans committed the afore-mentioned offenses with which he was charged and against plaintiffs Smith and Reid within the scope of his employment with Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts.

## COUNT I
## ASSAULT AND BATTERY

64.     Plaintiff incorporates by reference paragraphs one (1) through sixty three (63) as if fully set forth herein.

65.     Defendants Cowans and Cornish forcefully entered plaintiff Smith's residence and brandished a gun without a lawful, valid basis to do and without probable cause.

66.    When defendants Cowans and Cornish forcefully entered plaintiff Smith's home and brandished a gun, plaintiff Smith was apprehensive that defendants Cowans and Cornish would injure or kill him.

67.    When defendants Cowans and Cornish forcefully entered plaintiff Smith's home and brandished a gun, plaintiff Smith feared for his life.

68.    Plaintiff Smith felt apprehensive and feared that he would be harmed or killed when defendant Cowans pointed his gun at him and ordered him to place his hands on his head.

69.    When defendants Cowans and Cornish would not respond to plaintiff Smith's questions are to why they entered and were in his apartment with their guns drawn, he was apprehensive that they intended to rob him.

70.    When defendants Cowans and Cornish would not respond to plaintiff Smith's questions as to why they entered and were in his apartment with their guns drawn, he feared for his life because he believed that they intended to rob him.

71.    Defendants Cowans and Cornish with their handguns drawn and plaintiff Smith in front of them forced plaintiff Smith to other rooms in the house.

72.    This event caused plaintiff Smith to fear that he would be robbed, harmed or killed.

73.    Plaintiff Smith's fear was elevated because he was concerned that defendants Cowans and Cornish would harm or kill plaintiff Reid and their son.

74.    Defendants Cowans and Cornish forcefully entered plaintiff Smith's apartment while holding him at gunpoint and acted in a manner which caused plaintiffs Smith and Reid to believe that they would be physically harmed.

75.     Defendants Cowans and Cornish forcefully entered plaintiff Smith's apartment while holding him at gunpoint and acted in a manner which caused plaintiffs Smith and Reid to believe that they would physically harm their son.

76.     Defendant Cowans and Cornish intruded into plaintiff Smith's apartment, defendant Cornish forcefully handcuffed plaintiff Smith and aggressively shoved him on to the couch.

77.     When Defendant Cornish aggressively pushed plaintiff Smith onto the couch after he forcefully handcuffed him, he unlawfully assaulted plaintiff Smith without provocation.

78.     Plaintiff Smith's apprehension and fear was elevated when Defendant Cornish forcefully placed him in handcuffs and searched him.

79.     Plaintiff's Smith's apprehension and fear was further elevated when defendants Cowans and Cornish forced him to remain seated on the couch.

80.     During the entire period of time that defendants Cowans and Cornish were in his residence with their guns drawn, plaintiff Smith was apprehensive and feared that one or both of the intruders would harm him, plaintiff Reid and their son.

81.     During the entire period of time that plaintiff Smith was handcuffed, plaintiff Smith was apprehensive and feared that one or both of the intruders would harm him, plaintiff Reid and their son and that he would not be able to protect himself, plaintiff Reid or their son.

82.     During the entire period of time plaintiff Smith was forced to sit on the couch in his residence with a gun pointed at him, he was apprehensive and feared that one or both of the intruders would harm him, plaintiff Reid and their son and that he would not be able to protect himself, plaintiff Reid or their son.

83.     Plaintiff Reid was apprehensive and feared that she would be harmed and for her life as well as that of plaintiff Smith when she heard the commotion in the living.

84.     Based on the commotion in the living room and as a result of plaintiff Reid's apprehension and fear that her son would be harmed, injured or killed she placed him in a closet to protect him and instructed him not to make any noise.

85.     Plaintiff Smith suffered from emotional distress as a result of defendants Cowman's and Cornish's actions and the apprehension and fear of harm, injury and being killed that he felt as a result of the events that occurred on August 9, 2013.

86.     Plaintiff Reid suffered from emotional distress as a result of defendants Cowman's and Cornish's actions and the apprehension and fear of harm, injury and being killed that she felt as a result of the events that occurred on August 9, 2013.

## COUNT II
## FALSE IMPRISONMENT

87.     Plaintiffs incorporate by reference paragraphs one (1) through eighty six (86) as if fully set forth herein.

88.     Defendants Cowans and Cornish physically restrained the plaintiff without a lawful or valid basis to restrain him.

89.     The plaintiff did not engage in any conduct to warrant an invalid and unlawful restraint.

90.     Defendants Cowans and Cornish subjected plaintiff Smith to physical restraint and unlawfully detained him.

91.     When defendants Cowans and Cornish physically restrained plaintiff Smith, he was deprived of his personal liberty.

92.     Plaintiff Smith was subjected to being unlawfully restrained solely as a result of the actions taken by defendants Cowans and Cornish.

93.     Plaintiff Smith suffered emotional trauma due to his unlawful restraint and detention.

94.     Plaintiff Reid suffered emotional trauma due to plaintiff Smith's unlawful restraint and detention.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95.     Plaintiffs incorporate by reference paragraphs one (1) through ninety four (94) as if fully set forth herein.

96.     Plaintiff Smith feared for his life as well as for the life of plaintiff Reid and their son.

97.     Defendants Cowans and Cornish's intrusion into plaintiff's residence, caused plaintiff Smith to feel intimidated and he feared for the life of plaintiff Reid and their son.

98.     Defendants Cowans and Cornish's conduct during the entire time they were in Plaintiff Smith's residence led him to believe that he would be harmed because they brandished and pointed their guns at him.

99.     During the entire time that defendants Cowans and Cornish were in the plaintiff Smith's residence, plaintiff Smith feared that these defendants would harm plaintiff Reid and their son.

100.     During the entire time that defendants Cowans and Cornish were in the plaintiff Smith's residence, plaintiff Smith feared, because he was physically restrained, that he would not be able to protect plaintiff Reid and their son.

101.    Plaintiff Smith suffered severe stress as a result of his violent encounter with the defendant Cowans and Cornish.

102.    Plaintiff Smith suffered severe stress because defendants Cowan and Cornish brandished their guns and held him at gun point.

103.    Plaintiff Smith suffered severe stress because defendants Cowan and Cornish assaulted him and put his life and the life of his family in danger.

104.    Plaintiff Smith suffered from severe emotional distress as a result of violence he was subjected to by the defendants.

105.    Plaintiff Smith suffered severe stress as a result of defendants Cowans and Cornish's reckless and intentional actions.

106.    Plaintiff Smith feared for his life, plaintiff Reid's life and the life of their son.

107.    Plaintiff Reid suffered severe stress as a result of defendants Cowans and Cornish's reckless and intentional actions.

108.    Plaintiff Reid feared for her life, plaintiff Smith's life and the life of their son.

109.    Plaintiff Smith suffered severe emotional distress as a result of defendant Cowans and Cornish's reckless and intentional actions

110.     Plaintiff Smith feared for his life, plaintiff Reid's life as well as the life of their son.

111.    Plaintiff Reid suffered severe emotional distress as a result of defendant Cowans and Cornish's reckless and intentional actions

112.     Plaintiff Reid feared for her life, plaintiff Smith's life as well as the life of their son.

113.     Plaintiff Smith suffered from severe emotional distress as a result of defendants Cowans and Cornish's intrusion and forcefully entering the residence.

114.     Plaintiff Smith believed that defendants Cowans and Cornish intended to rob him.

115.     Plaintiff Reid suffered from severe emotional distress as a result of the defendants Cowans and Cornish's intrusion and forcefully entering the residence.

116.     Plaintiff Reid believed that defendants Cowans and Cornish intended to rob her.

117.     Plaintiff Reid suffered from severe stress because defendant Cowans and Cornish intruded into the residence, which caused the Plaintiff Reid to fear for her life as well as the life of her family, which prompted her to hide her son in the closet to protect him and save his life.

118.      Plaintiff Smith suffered from severe stress as a result of his encounter with the defendants and the ensuing assault and battery.

119.     Plaintiff Reid suffered severe emotional distress as a result of plaintiff Smith's encounter with defendants Cowans and Cornish and the ensuing assault and battery.

120.     The conduct displayed by defendant Cowans and Cornish has emotionally affected plaintiff Smith because of their physical contact and the assault and battery.

121.     Plaintiff Smith still suffers from severe emotional distress as a result of the unwarranted and unprovoked violent conduct that was displayed by defendants Cowans and Cornish.

122.     Plaintiff Reid still suffers from severe emotional distress as a result of the unwarranted and unprovoked violent conduct that was displayed defendants Cowans and Cornish.

123.     The egregious conduct displayed by defendants Cowans and Cornish has emotionally effected the plaintiffs.

124.    Plaintiff Smith has suffered from a significant amount of stress due to the fear that has been inflicted on his life as a result of this incident.

125.    Plaintiff Reid has suffered from a significant amount of stress due to the fear that has been inflicted on her life as a result of this incident.

126.    Plaintiff Smith will continue to suffer from anxiety as a result of the violent and negligent behavior of the defendants.

127.    Plaintiff Reid will continue to suffer from anxiety as a result of the violent and negligent behavior of the defendants.

128.    Plaintiff Smith has not been able to emotionally overcome the events that he was subjected to as a result of defendants Cowans and Cornish's actions.

129.    Plaintiff Reid has not been able to emotionally overcome the events that she was subjected to as a result of defendants Cowans and Cornish's actions.

130.    Defendant Cowans and Cornish's conduct was egregious because they did not even consider some or all of the consequences of their actions and the manner in which it would affect plaintiffs Smith and Reid.

### COUNT IV
### NEGLIGENCE

131.    Plaintiffs incorporate by reference paragraphs one (1) through one hundred and thirty (130) as if fully set forth herein.

132.    Defendants Cowans and Cornish, employees of Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts, assaulted, falsely imprisoned and caused plaintiffs Smith and Reid to suffer from emotional stress and distress.

133.    Defendants Cowans and Cornish, employees of Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts acted carelessly and recklessly towards plaintiff Smith as described herein.

134.    Defendants Cowans and Cornish's conduct was wrongful, unlawful and malicious, which cause plaintiff Smith to suffer severe emotional stress and distress.

135.    Defendants Cowans and Cornish, employees of Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts, engaged in tortious conduct against plaintiff Smith as described herein inasmuch as said conduct was violent, which caused plaintiff Smith to suffer severe emotional stress and distress.

136.    Defendants Cowans and Cornish had a duty to employ only reasonable measures in their encounter with plaintiff Smith as well as in their treatment of him.

137.    Notwithstanding the afore-mentioned duties, defendants Cowans and Cornish carelessly and recklessly took action against plaintiff Smith and went above and beyond reasonable measures as were warranted under the circumstances.

138.    Defendants Cowans and Cornish acted negligently, carelessly and recklessly during the incident which forms the basis for this cause of action.

139.    Defendants Cowans and Cornish failed to exercise ordinary care during the incident which forms the basis for this cause of action.

140.    As a result of defendants Cowans and Cornish's negligent, malicious, careless, and reckless conduct as described herein, plaintiff Smith was injured and was subjected to severe emotional stress and distress.

141.    As a result of defendants Cowans and Cornish's failure to exercise ordinary care during the incident which forms the basis for this cause of action, plaintiff Smith was injured and was subjected to severe emotional stress and distress.

142.    As a result of defendants Cowans and Cornish's negligent, malicious, careless, and reckless conduct as described herein, plaintiff Reid was injured and was subjected to severe emotional stress and distress.

143.    As a result of defendants Cowans and Cornish's failure to exercise ordinary care during the incident which forms the basis for this cause of action, plaintiff Reid was injured and was subjected to severe emotional stress and distress.

144.    Defendants Cowans and Cornish engaged in negligent, malicious, careless, reckless and wrongful conduct as well as assault, battery, false imprisonment towards plaintiff Smith during the scope and course of their employment with Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts.

## COUNT V
## VICARIOUS LIABILITY

145.    Plaintiffs incorporate by reference paragraphs one (1) through one hundred and forty four (144) as if fully set forth herein.

146.    At all times relevant herein, defendants Cowans and Cornish were employees of and acting under the direction and control of defendants Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts and its officers, Teresa Tyler, Marcus Tyler and John Elzey.

147.    Defendants Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts and its officers, Teresa Tyler, Marcus Tyler and John Elzey are vicariously liable for the conduct of defendants Cowans and Cornish.

## COUNT VI
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

148.    Plaintiffs incorporate by reference paragraphs one (1) through one hundred and forty seven (147) as if fully set forth therein.

149.    At all times relevant herein, defendants Cowans and Cornish were acting under the direction and control pursuant to the rules, regulations, policies and procedures of defendants Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts and its officers, Teresa Tyler, Marcus Tyler and John Elzey.

150.    At all times relevant herein, defendants Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts, Teresa Tyler, Marcus Tyler and John Elzey acted negligently, carelessly and recklessly by failing to properly supervise, control, direct, and monitor defendants Cowans and Cornish who interacted with plaintiffs Smith and Reid on August 9, 2013.

151.    By failing to prevent defendants Cowans and Cornish, in their interactions with plaintiff Smith, from engaging in malicious, careless, and reckless conduct as well as assault and battery and false imprisonment against plaintiff Smith during the scope of their employment as employees of Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts, Teresa Tyler, Marcus Tyler and John Elzey permitted defendants Cowans and Cornish to engage in tortious conduct against plaintiff Smith.

152.    Defendants Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts, Teresa Tyler, Marcus Tyler and John Elzey knew, or should have known, of defendants Cowans and Cornish's propensity to engage in malicious, careless and reckless conduct as well as assault and battery and false imprisonment.

153.     Defendants Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts, Teresa Tyler, Marcus Tyler and John Elzey failed to adequately and properly supervise defendants Cowans and Cornish, by failing to take any action to stop defendants Cowans and Cornish from engaging in malicious, careless and reckless conduct as well as assault and battery and false imprisonment against plaintiff Smith.

154.     As a direct and proximate result of the acts and omissions committed by Defendants Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts, Teresa Tyler, Marcus Tyler and John Elzey, defendants Cowans and Cornish engaged in malicious, reckless, and careless conduct as well as assault and battery and false imprisonment.

155.     As a result, plaintiffs Smith and Reid suffered extreme discomfort and severe emotional distress.

156.     Defendants Tyler Holdings, Inc. doing business as Interceptor Security Services/Diversified Security Concepts, Teresa Tyler, Marcus Tyler and John Elzey are liable for the actions taken by defendants Cowans and Cornish.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs:

I.      Re-pleads and re-alleges counts one (1) through one hundred and fifty six (156) with the same force and effect as if fully set forth herein;

II.      Requests, subject to further discovery, the right to amend this Complaint, and that the Court:

III.      Enter a finding and judgment on Count I of the Complaint, Assault and Battery, in favor of the plaintiffs and against the defendants in the full and just amount of one million dollars for each plaintiff.

IV.      Enter a finding and judgment on Count II of the Complaint, False Imprisonment, in favor of the plaintiffs and against the defendants in the full and just amount of one million dollars for each plaintiff.

V.       Enter a finding and judgment on Count III of the Complaint, Intentional Infliction of Emotional Distress, in favor of the plaintiffs and against the defendants in the full and just amount of one million dollars for each plaintiff.

VI.       Enter a finding and judgment on Count IV of the Complaint, Negligence, in favor of the plaintiffs and against the defendants in the full and just amount of one million dollars for each plaintiff.

VII.       Enter a finding and judgment on Count V of the Complaint, Vicarious Liability, in favor of the plaintiffs and against the defendants in the full and just amount of one million dollars for each plaintiff.

VIII.       Enter a finding and judgment on Count VI of the Complaint, Negligent Hiring, Training, Supervision and Retention, in favor of the plaintiffs and against the defendants in the full and just amount of one million dollars for each plaintiff.

IX.       Award punitive damages in the amount of one million dollars for plaintiff Smith.

X.       Award punitive damages in the amount of one million dollars for plaintiff Reid.

XI.       Award fees and court costs to Plaintiffs; and

XII.       Award such other relief as this Honorable Court deems just and fair.

Eugene Smith
Marcia Reid
By Counsel

Respectfully submitted,

*/s/ Billy L. Ponds*
Billy L. Ponds
Counsel for the Plaintiffs
The Ponds Law Firm
Bar Number 379883
1250 24th Street, N.W.
Suite 300
Washington, D.C. 20007
Telephone Number: (202) 333-2922
Facsimile Number: (202) 333-4114
E-Mail: PLFPC@aol.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **MARCIA REID, et.al.** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action Number:** _____ |
| **v.** | : | |
| | : | |
| **SHAWN C. COWANS, et.al.** | : | |
| | : | |
| **Defendants.** | : | |

========================

## JURY DEMAND

Plaintiff hereby requests a trial by jury of six (6) on all triable issues, including the amount of damages to be awarded.

Eugene Smith
Marcia Reid
By Counsel

Respectfully submitted,

*/s/ Billy L. Ponds*
Billy L. Ponds
Counsel for the Plaintiffs
The Ponds Law Firm
Bar Number 379883
1250 24th Street, N.W.
Suite 300
Washington, D.C. 20007
Telephone Number: (202) 333-2922
Facsimile Number: (202) 333-4114
E-Mail: PLFPC@aol.com